UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YOLEYSI CASTRO,

                Plaintiff,

   - against -                                 COMPLAINT AND
                                             JURY TRIAL DEMAND

THE CITY OF NEW YORK, CORRECTIONS OFFICER
"FNU" [First Name Unknown] DODSON; FEMALE JOHN
DOE CORRECTIONS OFFICER #1; FEMALE JOHN DOE
CORRECTIONS OFFICER # 2; MALE JOHN DOE
CORRECTIONS CAPTAIN; JOHN DOES; and RICHARD
ROES,

                Defendants.
------------------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which Plaintiff YOLEYSI CASTRO seeks relief for

the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys'

fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2.     This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.      Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      A Notice of Claim on behalf of Plaintiff (who at that time was still a minor) was filed with the Comptroller of the City of New York on November 8, 2018, within 90 days of the incidents at issue herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff YOLEYSI CASTRO is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Department of Corrections ("DOC"), the employees of which act as its agents in the area of law enforcement and security at DOC facilities and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the

2

maintenance of a Department of Corrections, and the employment of corrections officers, as said risk attaches to the public consumers of the services provided by the DOC.

9.      Defendants CORRECTIONS OFFICER "FNU" [First Name Unknown] DODSON; FEMALE JOHN DOE CORRECTIONS OFFICER #1; FEMALE JOHN DOE CORRECTIONS OFFICER # 2; MALE JOHN DOE CORRECTIONS CAPTAIN; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the DOC, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the DOC, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants CORRECTIONS OFFICER "FNU" [First Name Unknown] DODSON; FEMALE JOHN DOE CORRECTIONS OFFICER #1; FEMALE JOHN DOE CORRECTIONS OFFICER # 2; MALE JOHN DOE CORRECTIONS CAPTAIN; and JOHN DOES, are sued individually.

10.      Defendants MALE JOHN DOE CORRECTIONS CAPTAIN and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the DOC, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and

3

on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK
and the DOC, and were otherwise performing and engaging in conduct incidental to the
performance of their lawful functions in the course of their duties.  Defendants MALE JOHN
DOE CORRECTIONS CAPTAIN and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     Plaintiff's rights were violated by Defendants on two occasions: on August 8,
2018 and on August 16, 2018.  Both incidents occurred inside of the GRVC (George R. Vierno
Center) jail on Rikers Island.  Plaintiff at that time was 17 years old, and was visiting her
boyfriend at the jail on those occasions.

### The August 8, 2018 Incident

12.     On the afternoon of August 8, 2018 Plaintiff arrived at the Rikers Island jail
complex and underwent the initial security screening process, after which she went outside to
await a bus that was to take her to GRVC to have a visit with her boyfriend.

13.     This initial security screening included Plaintiff being smelled by a DOC dog.

14.     The DOC dog which smelled Plaintiff at the initial security screening area did not
raise any alert.

15.     Upon arrival at GRVC and after an hour or so wait there, Plaintiff was subjected
to another dog sniff search.

16.     Defendant DODSON - who is a female Corrections Officer - emerged from the
security office (known as a "bubble") and informed Plaintiff that the dog had smelled something
suspicious on Plaintiff.

17.     Defendant DODSON's claim that the second dog had alerted was false, and was
asserted to try to justify Defendant DODSON's ensuing sexual abuse of Plaintiff.

4

18.    Defendant DODSON asked Plaintiff if Plaintiff consented to a pat search, and Plaintiff – who was only 17 years old at the time – stated that she consented.

19.    Defendant DODSON brought Plaintiff into a small room, and conducted a pat search.

20.    Defendant DODSON then lied and falsely said that she felt something in Plaintiff's pants.

21.    Plaintiff asked Defendant DODSON what Defendant DODSON was talking about, and told Defendant DODSON that Plaintiff had nothing on her.

22.    Defendant DODSON accused Plaintiff of lying, and stated again that the dog had indicated that Plaintiff had something on her.

23.    Defendant DODSON then asked Plaintiff if Plaintiff consented to Defendant DODSON putting her hands down Plaintiff's pants.

24.    Plaintiff at first demurred, and Defendant DODSON then asked Plaintiff again – in a threatening manner (including saying that she did not want Plaintiff to get arrested or to end up in a hospital) - if she could put her hands down Plaintiff's pants.

25.    Plaintiff – feeling threatened and pressured – then said yes.

26.    Defendant DODSON then put her hands down Plaintiff's pants, but outside of Plaintiff's panties.

27.    Defendant DODSON then lied and falsely said she felt something inside of Plaintiff's panties.

28.    Defendant DODSON then inserted her fingers inside of Plaintiff's vagina.

29.    Defendant DODSON had Plaintiff inside of the small room for approximately 20-30 minutes.

5

30.     FEMALE JOHN DOE CORRECTIONS OFFICER #1 was with Defendant DODSON when she violated Plaintiff inside of the room.

31.     Defendant DODSON violated Plaintiff for her own sexual pleasure, and not for any law enforcement objective.

32.     Despite no contraband being found on Plaintiff, after Defendant DODSON let Plaintiff out of the room, Defendant DODSON told Plaintiff that she would be having a "no contact" visit with her boyfriend.

33.     Plaintiff normally had contact visits with her boyfriend.

34.     Defendant DODSON and FEMALE JOHN DOE CORRECTIONS OFFICER #1 then made Plaintiff wait for approximately two hours before allowing her to enter a booth (which is used for no-contact visits) that her boyfriend was in.

35.     Defendant DODSON and FEMALE JOHN DOE CORRECTIONS OFFICER #1 made Plaintiff to feel that she was not free to leave during those two hours.

36.     When Plaintiff entered the booth and saw how hot her boyfriend was in the booth – he had been waiting there for approximately three hours and was covered in sweat, and suffers from asthma – she declined to have the visit so that her boyfriend could leave the hot booth.

37.     Plaintiff was finally able to leave the facility at approximately 9 p.m.

38.     Plaintiff asked a Corrections Captain for Defendant DODSON's name, and he gave Plaintiff Defendant DODSON's name.

39.     Following the first incident Plaintiff made a complaint to the City's 311 system concerning what had transpired.

6

**The August 16, 2018 Incident**

40. On August 16, 2018 Plaintiff attempted to visit her boyfriend again.

41. By the time she passed through the initial screening procedures, it was approximately 6 p.m.

42. Plaintiff then went through the metal detector search at GRVC.

43. Plaintiff then sat down and waited.

44. Plaintiff then went through a further metal detector test.

45. Plaintiff was then allowed to have a contact visit with her boyfriend for an hour in the normal visitation room.

46. When Plaintiff's visit was finished Plaintiff gave her boyfriend a hug, as she normally does at the end of all of her visits with him.

47. A number of female JOHN DOES Corrections Officers then came toward Plaintiff, and FEMALE JOHN DOE CORRECTIONS OFFICER # 2 – who appeared to be black with dark skin, wore glasses, and had dark hair that appeared to reach just below her shoulders, and was approximately in her late 20s - pulled Plaintiff out of the room.

48. The female JOHN DOES – including Defendant DODSON - aggressively asked Plaintiff what she had given to her boyfriend.

49. Plaintiff had not given anything to her boyfriend, and told the female JOHN DOES that.

50. Defendant DODSON handcuffed Plaintiff.

51. Plaintiff was left there, handcuffed, for approximately 3 to 4 hours.

52. One of Plaintiff's wrists was handcuffed to a bar.

53.    Plaintiff was handcuffed with excessive tightness, and sustained a mark on her wrist from the handcuffs.

54.    Plaintiff complained to the female JOHN DOES and Defendant DODSON that the handcuffs were excessively and painfully tight and asked that the handcuffs be loosened.

55.    The female JOHN DOES and Defendant DODSON told Plaintiff that a Corrections Captain would come to loosen the handcuffs, but they refused to loosen them.

56.    Plaintiff's wrist hurt for approximately a week or two following the incident.

57.    MALE JOHN DOE CORRECTIONS CAPTAIN released Plaintiff from the handcuffs after the approximately 3 to 4 hours.

58.    MALE JOHN DOE CORRECTIONS CAPTAIN told Plaintiff that her desired visit that day was cancelled, and that her visitation privileges were suspended for 180 days (or some other number of days – Plaintiff does not recall specifically).

59.    MALE JOHN DOE CORRECTIONS CAPTAIN told Plaintiff that the reason her visitation privileges were canceled / suspended was because her boyfriend allegedly had bitten a corrections officer.

60.     On information and belief, that allegation was a lie.

61.    Plaintiff's visiting privileges were canceled / suspended despite Plaintiff not having done anything remotely improper.

62.    MALE JOHN DOE CORRECTIONS CAPTAIN admitted to Plaintiff that no contraband had been found on Plaintiff's boyfriend.

63.    Following the second incident Plaintiff also made a complaint to the City's 311 system concerning what had transpired.

8

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

64.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.      By their conduct and actions in using excessive force against, unlawfully searching (including performing a body cavity search), falsely arresting and imprisoning, violating and retaliating for the exercise of rights to free speech of, violating rights to due process of, and failing to intercede on behalf of, Plaintiff, defendants CORRECTIONS OFFICER "FNU" [First Name Unknown] DODSON; FEMALE JOHN DOE CORRECTIONS OFFICER #1; FEMALE JOHN DOE CORRECTIONS OFFICER # 2; MALE JOHN DOE CORRECTIONS CAPTAIN; and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

66.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

67.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers Defendants MALE JOHN DOE CORRECTIONS CAPTAIN and RICHARD ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

69.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

70.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

10

72.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its Department of Corrections, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

73.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its Department of Corrections, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by its correctional employees on Rikers Island upon both inmates and visitors alike.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

74.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its Department of Corrections, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

75.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its Department of Corrections, and through the individual defendants, had de facto policies, practices, customs, and usages of frequently performing unconstitutional strip

11

searches and bodily cavity searches upon female visitors to DOC facilities. *See*, e.g., Women Describe Invasive Strip Searches on Visits to City Jails by Jan Ransom, NY Times, April 26, 2018, viewable at https://www.nytimes.com/2018/04/26/nyregion/strip-search-new-york-city-jails-lawsuits.html ; *see also*, Jail Guards in New York City Performed Illegal Strip Searches on Women, Prosecutors Say by Victoria Bekiempis and Jan Ransom, NY Times, May 6, 2019, viewable at https://www.nytimes.com/2019/05/06/nyregion/illegal-strip-searches-jail.html?searchResultPosition=1 ; Six City Correction Officers Expected to be Charged With Molesting Female Visitors at Manhattan Detention Complex by Thomas Tracy and Esha Ray, New York Daily News, May 5, 2019, viewable at https://www.nydailynews.com/new-york/manhattan/ny-correction-officers-facing-charges-sex-abuse-20190505-pjvayquronggldi7vkbr6s6vwy-story.html . These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

76.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

77.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78.     The conduct of defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City corrections officers, and/or while they were acting as agents and employees of defendant

THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

79.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

80.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

83.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

84.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and

without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

87.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

88.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENCE

89.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

90.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

92.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

93.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

94.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## CONSTITUTIONAL TORT

95.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

96.     Defendants, acting under color of law, violated plaintiffs' rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

97.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

98.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empanelling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           November 4, 2019

_____/S/_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980
Attorney for Plaintiff

16