

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ANGHARAD K. WILSON**
*Senior Counsel*
Phone: (212) 356-2572
Fax: (212) 356-3509
awilson@law.nyc.gov

April 13, 2020

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Yoleysi Castro v. City of New York, et al.,
                19-cv-10234 (PKC)

Your Honor:

      I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced matter. Defendant City of New York respectfully requests that the Court stay the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff's counsel, Jeffrey Rothman, Esq., consents to the requested stay.

      By way of background, Plaintiff alleges, *inter alia*, claims for improper search, false arrest, and excessive force in connection with two incidents that occurred when she was a visitor to Rikers Island in August 2018. On the first occasion, plaintiff alleges that, during a pat-frisk search, an officer put her hands into plaintiff's pants and underwear. On the second occasion, plaintiff alleges that she was detained for several hours in connection with an incident where DOC staff believed that plaintiff was bringing contraband into the facility.

      As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

      That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also. on March

13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. To comply with Governor Cuomo's executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department has transitioned the majority of its employees to work from home status.

Of course, working from home creates a number of challenges that directly impact litigation, including, but not limited to, conferring with our client agencies regarding the location and production of documents. Working from home also creates complications with regards to coordinating and taking depositions. Conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

Further, Plaintiff has requested the inclusion of the following paragraph and request in this letter.

**PLAINTIFF'S NOTE:** Plaintiff also respectfully requests that the time to serve each of the individual Defendants be extended to July 30, 2020. I received the service addresses for each of Defendants Dockery (who was identified by opposing counsel as the likely identity of the person who Plaintiff had thought was named Dodson), Goggin, Myers, and Villette from opposing counsel for the first time on March 23, 2020, and would prefer - due to Coronavirus-related health concerns for all involved - to neither dispatch a process server nor to mail requests for waiver of service to them until the current public health crisis either passes or significantly diminishes. The 90th day to serve these individual Defendants - who were first sued in the Amended Complaint filed on March 6, 2020 - is presently June 4, 2020.

This Office notes that it does not represent Dockery, Goggin, Myers, and Villette, nonetheless, defendant City does not object to plaintiff's request.

- 3 -

      Based on the foregoing, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. Thank you for your consideration.

                                                    Respectfully submitted,

                                                   *Angharad Wilson*/s/
                                                   Angharad Wilson
                                                   *Senior Counsel*

cc:    **BY ECF**
       Jeffrey Rothman, Esq.

Time to answer or move extended to July 24, 2020. Time to serve individual defendants extended to July 17, 2020.  Conference adjourned from May 8 to September 9, 2020 at 12:00 p.m.

No later than seventy-two hours before the conference, plaintiff(s)' counsel shall (a) docket a letter on ECF to the Court with a copy to all opposing counsel containing the call-in information and email the letter to castelnysdchambers@nysd.uscourts.gov; and (b) for an initial pretrial conference, email a copy of the agreed upon (or disputed) Civil Case Management Plan & Scheduling Order to: castelnysdchambers@nysd.uscourts.gov.

   SO ORDERED.
Dated:  4/14/2020

                        P. Kevin Castel
                     United States District Judge