UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YOLEYSI CASTRO,

          Plaintiff,

   - against -

THE CITY OF NEW YORK, CORRECTIONS OFFICER
"FNU" [First Name Unknown] DODSON; FEMALE JOHN
DOE CORRECTIONS OFFICER #1; FEMALE JOHN DOE
CORRECTIONS OFFICER # 2; MALE JOHN DOE
CORRECTIONS CAPTAIN; CORRECTIONS OFFICER
PATRICIA DOCKERY; CORRECTIONS OFFICER JANET
GOGGIN; CORRECTIONS OFFICER TEMPESTT MYERS;
CORRECTIONS CAPTAIN BOB VILLETTE; JOHN DOES;
and RICHARD ROES,

          Defendants.
------------------------------------------------------------------------X

JUDGMENT
PURSUANT TO
RULE 68

19 Civ. 10234 (PKC)

**WHEREAS,** plaintiff commenced this action by filing a complaint on November 4, 2019, and filed an Amended Complaint on March 6, 2020, alleging that defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** on May 4, 2020, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants offered to allow plaintiffs to take judgment against the City of New York; and

**WHEREAS,** on May 11, 2020, plaintiff accepted defendants' Rule 68 Offer of Judgment;

**NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiff will take judgment against defendant City of New York in this action for the sum of Five Thousand and One Dollars ($5,001.00), plus reasonable attorneys' fees, expenses and costs to the date of the offer for plaintiffs' federal claims.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. This judgment shall not to be construed as an admission of liability by defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor it is an admission that plaintiffs have suffered any damages.

4. In accepting defendants' offer of judgment, plaintiff releases and discharges defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff arising out of the facts and circumstances that are the subject of this action.

5. By accepting the offer of judgment, plaintiff waived plaintiff's rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, plaintiff agreed that the aforesaid payment of Five Thousand and One Dollars ($5,001.00) to plaintiff within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless plaintiff received medical treatment in connection with the underlying

claims in this case for which Medicare has provided, or will provide, payment in full or in part. If plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date a Medicare recipient plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7.	By acceptance of this Rule 68 Offer of Judgment, plaintiff agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as a secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.  Plaintiff further agrees to hold harmless defendants and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York

_____June 12_____, 20\_20\_

_____
HON. P. KEVIN CASTEL, U.S.D.J